No. 12,296.

## BROW v. THE STATE.

CRIMINAL LAW.—*Selling Intoxicating Liquor to Intoxicated Person.—Indictment.—Quantity.*—Under section 2092, R. S. 1881, an indictment charging a sale of intoxicating liquor to a person who is in a state of intoxication is not bad because it fails to specify the quantity of liquor so sold.

SAME.—*Excuse for Sale is Matter of Defence.*—If a sufficient excuse existed for making such sale, it is a matter of defence.

SAME.—*Knowledge of Intoxication.— Evidence.— Presumption.— Practice.*—In such case, when the State proves the sale, and that the purchaser was at the time in a state of intoxication, the case is *prima facie* made out, without showing that the defendant knew the purchaser was intoxicated, as the law will presume that he did know it.

SAME.—*Notice.*—Persons entrusted with the sale of intoxicating liquor must take notice of the condition of those who apply for it.

SAME.—*Evidence.*—For the purpose of fixing the time of the sale and to show the condition of the prosecuting witness, it is not error to allow him to testify that he lost his money on the occasion of the sale.

SAME.—*Misconduct of Counsel in Argument.*—Where, in a prosecution for selling intoxicating liquor to a person in a state of intoxication, the prosecuting attorney, in addressing the jury, states, among other remarks of doubtful propriety, that "he knew personally the saloon-keeper in this case, and that he was guilty of this, and he was sure of other crimes," it is error for the court, upon request, to fail to instruct the jury to disregard such improper remarks.

From the Benton Circuit Court.

*J. T. Brown* and *G. H. Stewart*, for appellant.

*M. H. Walker*, Prosecuting Attorney, and *I. H. Phares*, for the State.

MITCHELL, C. J.—The first question presented in this record relates to the sufficiency of the indictment. This charges that the defendant did, on a day named, "unlawfully sell to one Freeland G. Tubbs, knowing him to be in a state of intoxication, a certain intoxicating liquor, at and for the price of ten cents, he, the said Freeland G. Tubbs, being then and there, at the time said intoxicating liquor was sold to him as aforesaid, in a state of intoxication."

The insistence of the appellant is that the indictment is fatally defective, because it fails to charge the quantity of liquor sold, and that it was less than a quart.

Section 2092, R. S. 1881, makes it an offence to sell, barter or give away any intoxicating liquor to any person who is in a state of intoxication, by any one knowing him to be in a state of intoxication.

The offence is *prima facie* complete under this statute, when any quantity of intoxicating liquor is sold to an intoxicated person by another, who knows him to be at the time in a state of intoxication.

It does not follow that such person may not lawfully purchase intoxicating liquor, even from a person who knows of his intoxicated condition, provided the sale is made in *good faith* and for a lawful purpose. An intoxicated person might purchase intoxicating liquor for medicinal or mechanical purposes, and if lawfully sold to him for such purposes this might, in a proper case, be a defence; but as all such sales are in apparent violation of the law, the excuse for making them must be shown by the defendant, and that it was excusable need not be negatived in the indictment. *Payne* v. *State*, 74 Ind. 203.

It is next argued that the verdict is not sustained by the evidence. All that can be said at this point is that the evidence is conflicting. That the prosecuting witness Tubbs was intoxicated nobody denies; that he was for hours, and until a late hour at night, in the appellant's saloon, is not denied. He testified unequivocally that he purchased during his stay eight or ten drinks of whiskey, which he says he drank in the saloon. Some of it, he affirms, was purchased from the defendant, and some from his clerk.

Both the defendant and his clerk deny having sold him any. Both testify that they refused to sell him. Others testify, among them the sheriff of the county and his deputy, that they were present part of the time and saw and heard the proprietor refuse to sell to him. Yet the jury, under proper

instructions, found against the defendant. There was evidence to support the finding.

Counsel for appellant argue that the State offered no evidence to show that the defendant knew that the prosecuting witness was intoxicated. It was not necessary. When the State proved the sale, and that the purchaser was at the time in a state of intoxication, the case was *prima facie* made out. When the fact of intoxication is shown, the law will presume the seller knew it. Whether an individual is in a state of intoxication or not, is a fact ordinarily open to the perception of others, and persons entrusted with the sale of intoxicating liquor must take notice of the condition of those who apply for it. If the degree of intoxication should be so slight as not to be noticeable by the seller, or if, on account of concealment, deception, or any other peculiarity, in any case, it should escape detection, although reasonable care was exercised, it would be a legitimate defence to make such facts appear. *Goetz* v. *State*, 41 Ind. 162. Besides, the defence in this case was not rested on the ground of the defendant's want of knowledge, but upon the ground that no sale was made, impliedly, at least, for the reason that the prosecuting witness was known to be intoxicated.

There was no error in the refusal of the court to instruct as requested by the defendant, that the State must prove beyond a reasonable doubt that the defendant knew the prosecuting witness was in a state of intoxication at the time of the sale. The instruction was not correct as an abstract proposition, nor was there any evidence to which it was applicable. Moreover, the instructions given are not in the record, and for that reason no question is presented in respect of that complained of. For the purpose for which it was avowedly offered, there was no error in admitting the testimony of the prosecuting witness, to the effect that he lost his money on the occasion of the sale. It was offered for the purpose of fixing the time, and to show the condition of the witness.

A bill of exceptions in the record discloses that during the

closing argument, an exception was taken by the defendant to the action of the court in refusing, on his motion, to instruct the jury to disregard certain remarks made by the prosecuting attorney in his address to the jury. The statements objected to and the exception are stated as follows: "That saloon-keepers always had a gang organized to swear them through, and that the jury should not believe a saloon-keeper under oath; that only a short time ago a saloon-keeper had sold liquor to a man and made him drunk, and he froze to death; that all saloon-keepers were alike, and that they would swear to lies; that he knew personally the saloon-keeper in this case, and that he was guilty of this, and he was sure of other crimes; that juries were too much in the habit of letting rum-sellers go, and this thing must stop; that only a short time ago a saloon-keeper down in Otterbein, in this very county, sold liquor to a man, and he froze to death, and if the defendant was acquitted, he would go and do the same thing." Defendant, by his counsel, thereupon objected to all of such statements, and defendant moved the court to restrain counsel, and that the jury be instructed to disregard such remarks, but the court passed the objection without ruling thereon, to which action of the court the defendant at the time excepted. These remarks and the action of the court thereon were set out in the written evidence, and assigned as one of the grounds for a new trial.

Whatever may be said concerning the propriety of so much of the foregoing speech as refers to persons engaged in like business with that of the defendant, as a class, or of the reference to the case where liquor had been sold to a man who became drunk and was afterwards frozen to death, that part of it in which the State's attorney said "that he knew personally the saloon-keeper in this case, and that he was guilty of this, and he was sure of other crimes," was such a palpable abuse of the privilege of counsel as, without a disregard of all rules governing the fair administration of justice, can not be excused.

The defendant, as was his right, contested the question of his guilt. In this contest, it was incumbent on the State to establish its accusation against him by evidence admitted through the legitimate channel. It had no right to ask for a conviction upon assertion, or evidence from any source not thus admitted. Upon the evidence as it stood, it was not only a fair question of debate, but a question for fair debate, whether the defendant's guilt was made out, and it was in the highest degree unfair that the attorney for the State put the weight of his own personal knowledge into the scale, in the manner set forth, to overbalance the defendant's case.

The Constitution guarantees to every person accused of crime the right to meet the witnesses against him "face to face," but this guaranty stands for nothing, if, after the evidence is closed, the State may avail itself of the personal knowledge of the prosecutor concerning the defendant's guilt, not only of that but other crimes, conveyed to the jury, accompanied with other statements, ingeniously contrived to excite their prejudice against him. If a conviction is had, in any case, it is essential that it shall have been secured according to the facts in the case legally produced to the jury, agreeable to established rules in judicial proceedings, and not by methods which afford the accused no opportunity of meeting the assertions made by any one claiming to have personal knowledge of his character or guilt.

From the brief of the prosecutor, which lies before us, we are convinced that his experience, learning and ability are such that a resort to the methods employed in this case is entirely unnecessary to enable him to discharge the duties of his high office efficiently, with a jealous regard for the rights of the State, and yet with due respect for the rules of law. This fact renders the abuse of his privilege, as it appears in this case, all the more inexcusable.

The application of the rule is not, as he forcibly argues, an abridgment of the right of the prosecutor to discuss the merits of the State's case, but it is necessary, in order to preserve

the rules regulating the conduct of trial in courts of justice, and the benefit of an impartial trial by jury to the accused. With the preservation of these rules and the maintenance of this right, the courts and their officers are charged, and it must be insisted upon that they be not violated.

For the error of the court in failing to instruct the jury to disregard the improper remarks of counsel, this cause is reversed.

Filed Sept. 23, 1885.