Rauck v. The State.

No. 13,489.

## RAUCK v. THE STATE.

CRIMINAL LAW.—*Assault and Battery With Intent to Murder.*—*Trespass.*— *Prior Difficulty.*—*Evidence.*—In a prosecution for assault and battery with intent to murder, it appeared that the defendant, his brother and other heirs were the owners, by inheritance, of land which remained undivided; that the brother claimed the right, which the defendant denied, to take corn from a certain field; that the defendant, seeing his brother enter the field at the time of the difficulty, procured a shot-gun and fired in the direction of shaking corn-stalks, thereby wounding his brother. There was no evidence of an attack, or of a contemplated attack, upon the defendant, but the prior burning of a house on the land, and the brother's alleged connection with that offence, had been a source of trouble between them.

*Held,* that the alleged trespass was not of a character justifying the use of deadly weapons in repelling it.

*Held,* also, that evidence of communications to the defendant as to the burning of the house and his brother's connection with it, and that it was such knowledge that influenced him to act as he did, was not competent.

SAME.—*Threats.*—*Use of Deadly Weapon.*—Mere threats will not justify the use of a deadly weapon, unless some overt act, looking toward carrying such threats into execution, has been committed.

SAME.—*Intent.*—*Self-Defence.*—Testimony of the defendant, that he shot merely to scare the trespasser out of his field, without intending to kill him, is inconsistent with any theory of self-defence.

SAME.—*Instructions.*—*Omission of Material Matter.*—*Reversal of Judgment.*— It is only where a proper and material instruction covering some omitted matter of law has been requested and refused, that a judgment will be reversed for a failure to instruct as to such omitted matters.

SAME.—*Instructions Considered With Reference to Each Other.*—When several instructions are given, each is considered a part of a series, and ought, when necessary to its proper understanding, to be construed with reference to the matters embraced in the others.

SAME.—*Instruction as to What Shall Guide Jury.*—*Conscience and Judgment.*— Where one instruction informs the jury that in determining upon their verdict they are to be governed by the evidence, and another that they are to be guided solely by their consciences and judgments, the two will be construed together as charging that the jury are to be guided by their consciences and judgments, as enlightened by the evidence.

From the Fayette Circuit Court.

*R. Conner* and *H. L. Frost*, for appellant.

*L. T. Michener*, Attorney General, and *J. H. Gillett*, for the State.

NIBLACK, J.—The appellant, Jefferson Rauck, was indicted for an assault and battery with intent to murder his brother, George W. Rauck.

There was a verdict finding the appellant guilty of an assault and battery only, and assessing a fine against him of four hundred dollars, and a judgment against him on the verdict.

Questions were reserved upon the evidence, and upon instructions given, as well as upon instructions refused, by the circuit court.

It was made to appear at the trial that the father of the appellant had died in 1883, leaving to the latter and his brothers and sisters, including the said George W. Rauck, a large amount of farming land which remained undivided; that a field, situate near the old family homestead, constituted a part of the land which had so descended to the appellant and his brothers and sisters; that, in the fall of 1884, the appellant assumed to take possession of that field and did some work upon it; that, in the spring of 1885, the appellant again commenced work in the field in question, with a view to planting it in corn; that in the meantime George W. Rauck rented the same field to another person as his tenant, and this tenant commenced about the same time to plow in the field; that this resulted in an arrangement between the appellant and the tenant, by which they cultivated the field in corn together that year; that after the crop had somewhat matured, the appellant and the tenant agreed upon a territorial division of the growing corn as between themselves; that early in the ensuing fall George W. Rauck, claiming to have an interest in the crop, pulled corn, on several occasions, from the stalks standing on that part of the field which

had been assigned to the appellant, on division with the tenant, and carried it away in sacks to feed some live-stock he had in the neighborhood; that this exasperated the appellant very much and induced him to make threats against, and to be on the lookout for, his said brother George; that afterwards, on the evening of the 28th day of September, 1885, the said George W. Rauck drove up to the field in a wagon, and stopping at the fence at a point opposite where he had formerly pulled off corn, went into the field with two sacks for the purpose of getting corn for his own use as he had done before; that the appellant was at the time, with others, near the barn at the old homestead, which was not far from the field; that, on hearing that his brother George was in the field, the appellant got a double-barrelled shotgun, loaded with powder and small shot, from a building near by, and firing one barrel in the air with the avowed purpose of frightening the said George away, proceeded to the field with the gun; that on entering the field, and being guided by some moving, or shaking, corn-stalks, he fired the other barrel of the gun in the direction of the place at which he supposed the said George to be, inflicting several painful wounds on the latter's body.

It was further made to appear, that early in the year 1884 a house and a barn on the lands which descended as above to the appellant and his brothers and sisters, were destroyed by fire, and that the appellant, assuming to act on information communicated to him, had accused his said brother George of having set those buildings on fire, and that this accusation had become a source of trouble between them.

One of the appellant's sisters was called as a witness, and the former proposed to prove by her that she saw her brother George in the act of setting fire to the house at the time it was burned, and that she communicated this fact to the appellant soon afterwards, and some time before the 28th day of September, 1885, with a view to subsequently showing that it was the information thus communicated which influ-

enced the appellant to shoot the said George at the time and in the manner in which he did, but the court excluded the proffered evidence. It was also proposed to be proven by the appellant, that it was communications made to him as to the manner in which the house and barn were burned, and his belief in the said George's guilty connection with such burning, which influenced him to resort to the means he did to drive the said George out of the cornfield, but the evidence thus proposed was also excluded.

It is claimed that the appellant had the right to take the alleged inculpatory communications into consideration in his future relations with the said George, and, in consequence, to be more on his guard, and better prepared, in case of trouble between them; and the cases of *Dukes* v. *State*, 11 Ind. 557, *Duncan* v. *State*, 84 Ind. 204, and *Boyle* v. *State*, 97 Ind. 322, are relied upon as sustaining the doctrine contended for. But it must be borne in mind that the element of self-defence did not enter into this case at the trial as it did in the cases cited. There was no evidence tending, even in the slightest degree, to show either an attack, or contemplated attack, on the appellant. Nor was the alleged trespass of a character which justified the use of a deadly weapon in repelling it. 1 Bishop Crim. Law, sections 840, 849, 875.

It is as much murder to kill the most desperate man, without cause, as it is the most inoffensive person. *Kunkle* v. *State*, 32 Ind. 220; Whart. Crim. Ev., section 69. The court, consequently, did not err in excluding the proposed evidence.

It was further offered to be proven by the appellant, while on the stand as a witness, that a great number of trespasses had been committed on his property, and that he was informed and believed that it was his brother George who was committing these trespasses, and that the said George had said that he would resist the appellant if he ever attempted to prevent the former from taking corn out of the field; that the appellant believed from what he had heard that the said George had come armed with a deadly weapon to injure him,

and that it was this state of facts which influenced him to shoot the said George as he did, but the court likewise refused to permit this offered evidence to be introduced.

Mere threats will not justify the use of a deadly weapon, unless some overt act, looking towards carrying such threats into execution, has been committed. 1 Bishop, *supra,* sections 843, 869, 872.

For this additional reason, this last offered evidence was properly held to be inadmissible.

The appellant was permitted to state that his object in shooting at the said George was to scare him out of the cornfield, and that he did not intend to kill him when he shot at him.   That was sufficiently explicit both as to the motive which induced the shooting, and the intention with which it was done, and was inconsistent with any theory of self-defence.

The ninth instruction given by the court contained the statutory definition of murder in the first degree.

The eleventh instruction enumerated the charges contained in the indictment, and informed the jury that if the matters so enumerated were proven beyond a reasonable doubt, they ought to find the appellant guilty as charged.

The twelfth instruction gave the jury to understand that, if they were satisfied from the evidence that the appellant had committed an assault and battery as charged, but had a reasonable doubt as to his intention thereby to kill the prosecuting witness, they should find the appellant guilty of the assault and battery only.

The nineteenth instruction was as follows:  " In case you find the defendant guilty, you are vested with the sole and exclusive power of prescribing the punishment.   In determining what the punishment shall be, you should be guided solely by your consciences and judgment, not yielding on the one hand to sympathy or sentimentality, nor on the other to passion or prejudice.   Consult only your consciences, and however stern and grave the conclusion of the judgment, or

to whatever result it may lead, let your verdict be its fruit or true expression."

The court, in its ninth and twelfth instructions, incidentally told the jury what constituted an assault and battery, but it did not, in any way, instruct them either as to the nature or extent of the punishment which might be inflicted for that offence only, and for that reason it is insisted that the court materially erred, inasmuch as the *nisi prius* courts are required to instruct the jury in every case as to all matters of law which are necessary for their information in rendering a verdict. R. S. 1881, sec. 1823. But it is a well recognized rule of practice, that where the instructions given in a cause are found to be correct as far as they have gone, the judgment will not be reversed because all the matters of law involved in the controversy were not covered by the instructions which were given.

It is only where a proper and material instruction covering some omitted matter of law has been requested and refused, that the judgment will be reversed for a failure to instruct as to such omitted matter. *Rollins* v. *State*, 62 Ind. 46; *Adams* v. *State*, 65 Ind. 565; *Powers* v. *State*, 87 Ind. 144; *Ireland* v. *Emmerson*, 93 Ind. 1; *Fitzgerald* v. *Goff*, 99 Ind. 28; *Louisville, etc., R. W. Co.* v. *Grantham*, 104 Ind. 353; *Louisville, etc., R. W. Co.* v. *Jones*, 108 Ind. 551; *Cline* v. *Lindsey*, ante, p. 337.

The jury in this case did not exceed the limit of their power in prescribing the punishment for the offence of which they found the appellant guilty, and hence the presumption is that they were, in some way, properly informed as to the nature and extent of their power in that respect. R. S. 1881, section 1911.

It is further insisted that the court erred in giving the nineteenth instruction, set out as above, in so far as it told the jury that in determining what the punishment should be they should be guided solely by their consciences and judgments.

When several instructions are given, each is considered a part of a series, and each ought, when necessary to its proper understanding, to be construed with reference to the matters embraced in the others. *Town of Rushville* v. *Adams,* 107 Ind. 475; *Western Union Tel. Co.* v. *Buskirk,* 107 Ind. 549.

In this case the court had already, by its seventeenth instruction, told the jury, in substance, that in coming to a conclusion as to their verdict they were to be governed by the evidence, and not by any fact known to a juror outside of the evidence. Construing the seventeenth and nineteenth instructions together, the jury were, in effect, informed that in determining the punishment to be inflicted they were to be guided solely by their consciences and judgments, as enlightened by the evidence, and, as thus construed, the appellant has no cause of complaint.

Other instructions were given, and still others were refused, on the subject of the force which a party may use in defence of his property and in resisting a mere or supposed trespass upon it, but there was nothing in any action of the court, whether in giving or refusing instructions on that subject, inconsistent with the general principles herein above announced.

The judgment is affirmed, with costs.

Filed April 19, 1887.