## SHOCKLEY *v.* STATE OF INDIANA.

[No. 13,666. Filed May 28, 1929. Rehearing denied September 13, 1929.]

*William E. Reiley,* for appellant.

*Arthur L. Gilliom,* Attorney-General, *Dale F. Stansbury,* Deputy Attorney-General, and *Albert M. Campbell,* for the State.

LOCKYEAR, J.—This action is a prosecution under one count in an affidavit for keeping a gaming house. The case was tried before the court, and appellant was found guilty, fined $500 and sentenced to imprisonment on the Indiana State Farm for a term of four months. The only error assigned for reversal is in overruling appellant's motion for à new trial; and the only reasons properly presented thereunder are that the court erred in permitting the prosecuting attorney, over the objections of the defendant, to state that the defendant had been found guilty of a like offense to the one he was being tried on in the same court, on a former occasion, and in overruling defendant's motion to instruct the prosecuting attorney to cease making said remarks about a former conviction, and permitting the said prosecuting attorney to reiterate the statement that said defendant has been convicted in that court for a like offense on a former occasion.

The defendant did not testify and had not put his character in evidence, and there was no evidence of any previous conviction, and, for this reason, the appellant insists that it was reversible error for the prosecuting attorney to state to the court that the appellant had been convicted of other crimes, when the accused had not taken the stand and where there was no evidence of previous convictions, citing *Brow* v. *State* (1885), 103 Ind. 133, 2 N. E. 296; *Schlotter* v. *State, ex rel.* (1891), 127 Ind. 493, 27 M. E. 149.

The record shows that the appellant was tried on January 3, 1928, and, at the conclusion of the State's evidence, the defendant introduced no evidence and the case was taken under advisement by the court until Jan-

uary 6, 1928. It appears that no argument was made by either side, and that the remarks of the prosecuting attorney were made immediately preceding the court's announcement of the amount of punishment that he proposed to give the appellant.

It is not shown in what way the judge of the court was affected by this remark, and it is to be presumed that the court would follow the law and do his duty in the matter.

It is a matter of common knowledge and practice that in pronouncing sentence, where the matter is tried before the court without a jury, judges everywhere take into consideration the question of good character and previous conduct in assessing the amount of punishment. The reason that it would not be proper to make the remarks referred to in the presence of a jury during a trial is that it might prejudice them on the question of whether or not the defendant was guilty, but, in cases where the judge of the court has tried the case, we cannot see how it was improper to take into consideration the question of previous convictions in assessing the amount of the fine and imprisonment.

There may be circumstances where the remark of the prosecuting attorney in the presence of a jury concerning another trial or another conviction is not reversible error. See *Shepherd* v. *State* (1878), 64 Ind. 43; *Warner* v. *State* (1888), 114 Ind. 137, 16 N. E. 189. Where a statement by the prosecuting attorney, in argument to the jury, is such as to be misconduct on his part, yet where it appears from the evidence that a conviction was in any event inevitable, and that the punishment assessed is not excessive, the judgment will not be reversed. *Heyl* v. *State* (1887), 109 Ind. 589, 10 N. E. 916.

It has been held that we are justified in assuming that the court understood the law and that he would not be

biased in the discharge of his duty by the statement of the prosecuting attorney. See *State* v. *Seery* (1906), 129 Iowa 259, 105 N. W. 511. The judge of a court in which a person has been found guilty of a similar offense to the one in the instant case would be presumed to know the fact of a similar conviction as well as the prosecuting attorney, and the statements made by the prosecuting attorney would not add anything to that which the judge already knew, and we, therefore, hold that, under the circumstances of this case, no error appears.

Judgment affirmed.