FOSTER *v.* STATE OF INDIANA.

[No. 27,892. Filed January 12, 1944.]

*Conroy & Glendening,* of Hammond, and *Milo C. Murray,* of Gary, for appellant.

*James A. Emmert,* Attorney General, *Frank Hamilton,* First Assistant Attorney General, *Charles W. Gannon,* Prosecuting Attorney, and *Henry G. Doherty,* Deputy Prosecuting Attorney, for appellee.

O'Malley, J.—Under § 10-4201, Burns' 1942 Replacement, § 2421-1, Baldwin's Supp. 1941, the appellant was charged and convicted of raping a nine-year old girl.

It is not contended that the evidence is insufficient, but it is claimed that the court erred in sustaining an objection to each of three hypothetical questions which were propounded by appellant's attorney. The witness to whom the questions were propounded, although not a medical doctor and not an expert on mental diseases, qualified as an expert on sex hormones by giving a history of his collegiate education and research experience on plants and animals.

The assumed facts of the first question were: A man thirty-five years of age, who knew right from wrong and who was of sound mind, but who had a nervous condition that made him desire to be alone and who committed the act of rape on a nine-year old girl (detailed in accordance with the evidence) and who did not afterward remember the act, or denied remembrance, and that the assumed man and the defendant were one and the same. The witness was asked to consider the above assumed facts, and also to consider that he, the witness, was present in court and had heard the defendant testify and had seen and observed him, and upon all of this as a basis to give his opinion as to whether or not such man had a physiological imbalance of the sex hormones.

The second question requested the witness to state whether or not one suffering from such imbalance would know what he was doing at the time of the crime.

The third question asked whether or not one so suffering would afterward remember the occurrence.

The offers to prove were, as to the first question, that he would have such imbalance, as to the second, that he would not know what he was doing, and as to the third, that he would not remember the occurrence.

The contention is that this evidence would describe the defendant to the jury and tend to show that there

was an "irresistible urge" to commit the act and thus a partial lack of responsibility. It is further asserted that this physical condition had nothing to do with the mental condition of the defendant.

While the appellant has cited three cases, he relies upon *Sage* v. *The State* (1883), 91 Ind. 141, 145. That case involved two instructions relative to partial insanity as a mitigating circumstance in fixing the degree of the crime of murder. The court below refused the instructions and this court sustained the lower court. In discussing the matter this court said:

> "Independently of any question of insanity the defendant in a criminal cause has the right to have his general physical as well as his mental condition at the time of the commission of the supposed crime explained to the jury, so as to put them in possession of all the facts connected with the transaction, and the better to enable them to judge of its character; but when insanity is relied upon as a shield against punishment, it must be specially pleaded."

This statement is "dictum" and should be interpreted in the light of its context and not as necessarily applying to all criminal cases. From the statement we cannot conclude that the defendant in this case can urge an abnormal physical condition as a partial defense, unless his mental condition is thereby affected to the extent of being unsound, and a proper plea filed as provided in § 9-1701, Burns' 1942 Replacement, § 2215, Baldwin's 1934.

Soundness of mind was admitted, no plea of insanity was filed, and we cannot conceive of a defense of this kind separate from and independent of the mental condition of the defendant.

The question of punishment cannot be affected by

the strength or weakness of the mind. If a defendant is of unsound mind, it can be pleaded and it is a defense which entitles him to acquittal when it is proved, but when a defendant is of sound mind, he is responsible for his criminal acts under the law. *Warner* v. *The State* (1888), 114 Ind. 137, 16 N. E. 189.

Finding no reversible error the judgment is affirmed.

NOTE.—Reported in 52 N. E. (2d) 358.