Filed May 24, 1886.

No. 12,880.

## WARTENA v. THE STATE.

CRIMINAL LAW.—*Mere Weakness of Mind no Excuse for Crime.*—Immunity from crime can not be predicated upon a merely weak or low order of intellect, coupled with a sound mind.

SAME.—*Power of Trial Court to Regulate Business and Sittings.*—It is the province of the *nisi prius* court to regulate the course of business during the progress of trials, and, during the term, to control its own sittings.

SAME.—*Requiring Night Argument.— Practice.*—Requiring counsel for the

Wartena v. The State.

defendant in a criminal case to make a night argument, over a request for a postponement until morning, unless it be shown that rights of the accused were thereby affected, is not an available question on appeal.

SAME.—*Questions of Courtesy.*—*Supreme Court.*—The Supreme Court will not undertake to regulate mere questions of courtesy between counsel, or between *nisi prius* courts and counsel.

From the Jasper Circuit Court.

*F. W. Babcock*, for appellant.

*M. H. Walker*, Prosecuting Attorney, and *I. H. Phares*, for the State.

MITCHELL, J.—The grand jury of Jasper county, on the 8th day of January, 1885, presented to the circuit court, by indictment in due form, that one Weibern Wartena, on the 8th day of October, 1884, did unlawfully, feloniously, purposely and with premeditated malice, kill and murder one John Dreger. Upon being arraigned the accused pleaded "not guilty," with a special plea in which his insanity was alleged.

The issue thus made having been submitted to a jury, a verdict finding the defendant guilty as charged, and assessing against him the death penalty, was returned.

Overruling a motion for a new trial, judgment was pronounced on the verdict by the court.

The causes assigned in the motion for a new trial were:

1. Irregularity in the proceedings of the court, and abuse of discretion by which the defendant was prevented from having a fair trial, the particular grounds of irregularity being specified.

2. Error of law occurring at the trial, in that the court erred in giving certain instructions to the jury.

3. That the verdict of the jury was contrary to the evidence and the law.

4. Irregularity in the proceedings of the court, and in the conduct of the prosecuting attorney, specifying the particulars in which it was claimed the proceedings of the court and

the conduct of the prosecutor were irregular and prejudicial to the defendant.

The only error assigned and relied on for a reversal is the overruling of appellant's motion for a new trial.

As respects the irregularity and abuse of discretion attributed to the court, and the alleged misconduct of the prosecuting attorney, it may be said, without reciting the facts set out in the bill of exceptions in detail, the error complained of in that regard is predicated on substantially the following :

It appears that after the evidence was closed one of the counsel for the accused concluded the opening argument for the defence at 6 o'clock on Friday evening of the last week of the term. The court announced that a recess would then be taken for one hour, until 7 o'clock, at which time the argument on behalf of the accused would be proceeded with. The principal counsel for the accused thereupon informed the court that the closing argument for the defendant devolved upon him ; that he was not able to attend a night session, because of fatigue induced by constant and arduous labor in court in the daytime, and from loss of sleep consequent upon attendance upon members of his family who were sick at night; that from excessive exertion in court, and with attendance upon his family, he was worn out, and unfit to make an argument that night. Upon these considerations, urged by counsel, a postponement of the argument until morning was requested. The court, recognizing the hardship, nevertheless reminded counsel that it was near the close of the term, and that a large amount of record was to be read and signed. The prosecuting attorney thereupon urged the holding of a night session, so that he might make the closing argument and the case might be given to the jury the next morning in time to enable him to take the 11 o'clock train for his home. The request for a postponement was overruled, and it was ordered, over the defendant's objection and exception, that the trial be proceeded with at 7 o'clock, at which time the court required defendant's counsel to proceed with the argument. It is re-

cited in the bill of exceptions, that the court did not require counsel " to conclude his argument, but only to begin the same and proceed as far as was convenient for him to do at said night session. The urgent business of the court pending and unfinished absolutely required the holding of a night session, and that this trial be proceeded with." During the course of the argument, which was proceeded with according to the order of the court, counsel for accused desired to make reference to a paper which had been read in evidence. Not being able to find the paper, he was informed that it was in the possession of the prosecutor, who, with the leave of court and without the consent of defendant or his counsel, had absented himself from the court-room and gone to his hotel, leaving his deputy, who had assisted him, in charge of the cause. When informed that the prosecutor had the paper for which inquiry was made, the court proposed to send a bailiff for it, but counsel said it was not necessary, as it had been commented upon by his associate in the opening argument.

During the closing argument on behalf of the State, the prosecutor stated to the jury that he did not hear all of the argument on behalf of the accused, for the reason that, being tired, he had gone to bed at his hotel, and was not present during all of the night session.

Upon the facts thus presented, it is elaborately argued that the constitutional privilege guaranteed in all criminal prosecutions, that the accused shall have the right " to be heard by himself and counsel," was invaded.

With respect to the question presented, while admitting to the fullest extent the sacredness of the right thus guaranteed, it is nevertheless the undoubted province of the *nisi prius* courts, in the exercise of a sound discretion, to regulate the course of business during the progress of trials. Included in this is the right, during the term, in a proper way, to control its own sittings.

The request of counsel for a postponement, based upon the

reasons assigned, must have appealed at once to the clemency and consideration of the court, and we must suppose that under any other than extraordinary circumstances a postponement as requested would have been conceded.

Some considerations looking to the necessity of reaching a determination of the case are disclosed by the record, and others not disclosed, but known to the court, may have rendered an evening session desirable and necessary if it could be held without detriment to the rights of the accused. Notwithstanding the unfavorable situation of counsel, the record discloses that he addressed the jury without limitation as to time, and, for all that appears, said all that could be in extenuation of the crime with which the accused was charged.

The question, therefore, at most, relates to the personal discomfort of, and exactions upon, counsel; the imposition of labor when rest was needed. It does not rise to the degree of affecting any right of the accused, and until it rises to that level it can not become a subject for our consideration. Any attempt on the part of this court to regulate mere questions of courtesy between counsel, or between the *nisi prius* courts and counsel, could result in nothing more than to introduce confusion and embarrassment into the administration of public justice. We can not be made the arbiter in such disputes. So far as the record informs us, no legal right of the appellant was invaded.

The order directing a night session, and the continuance of the argument then in progress, since it does not appear that the accused was thereby deprived of the fullest presentation of his defence by counsel, can not be deemed an abuse of discretion on the part of the court.

The absence of the prosecutor during the argument of counsel after urging a night session is complained of. This, as also his reference to it in his closing argument to the jury, is a question of courtesy and propriety. These subjects must be left where they properly belong, to that sense of propriety

Wartena v. The State.

which every gentleman at the bar is supposed to cultivate and manifest under all circumstances. We must presume, therefore, that the temporary absence of the prosecutor was upon sufficient grounds, and whether it was or not is a question which can not be determined on this appeal.

The only other ground upon which error is predicated involves the eleventh instruction, given upon the request of the State. It is as follows:

"Mere weakness of mind does not excuse the commission of crime. If one is of sound mind, he is responsible for his criminal act, even though his mental capacity be weak or his intellect of an inferior order."

The instructions, taken together, presented the law of the case to the jury with accuracy and precision. Besides, the one complained of is correct in the abstract, and was applicable to evidence in the case.

The law does not undertake to measure the intellectual capacities of men. Imbecility of mind may be of such a degree as to constitute insanity in the eye of the law, but mere mental weakness, the subject being of sound mind, is not insanity, and does not constitute a defence to crime. The law recognizes no standard of exemption from crime less than some degree of insanity or mental unsoundness. Immunity from crime can not be predicated upon a merely weak or low order of intellect, coupled with a sound mind. *Somers* v. *Pumphrey*, 24 Ind. 231; *Patterson* v. *People*, 46 Barb. 625; Buswell Insanity, section 8.

No question is made upon the sufficiency of the evidence to sustain the finding of the jury.

We find no error in the record. The judgment is accordingly affirmed.

Filed Feb. 19, 1886.