[Crim. No. 1551. In Bank.—June 21, 1910.]

## THE PEOPLE, Respondent, *v.* FABRONIO MACHUCA, Appellant.

CRIMINAL LAW—MURDER—DEGREE OF CRIME—PROVINCE OF JURY—EVIDENCE OF PREMEDITATION.—In a prosecution for murder, the question of the degree of the crime is exclusively for the jury, and their determination will not be disturbed when there is any evidence to support it. In the present case, the evidence of premeditation, although conflicting, was sufficient to warrant a conviction of murder of the first degree.

ID.—EXPRESS EVIDENCE OF DELIBERATION.—It is not necessary that there should be express evidence of a deliberate purpose to kill. It could be inferred from proof of such facts and circumstances in the case as would reasonably warrant an inference of its existence.

ID.—LENGTH OF TIME OF DELIBERATION.—The deliberation which must precede the killing in order to make the murder one of the first degree need not have existed for any given length of time.

ID.—INSTRUCTION AS TO MOTIVE OF WITNESS—INSTRUCTIONS GIVEN IN
    SUBSTANCE.—The refusal, in such a prosecution, to instruct the jury
    that they had the right, in determining the weight to be given to
    the testimony of any witness, to consider, among other things, "the
    motive actuating the witness in testifying," is without prejudice,
    when the court gives substantially the same direction in charging
    them that they should take into consideration the character of any
    witness, his relation to and interest in the case, if any, and his bias
    or prejudice, if any, against either of the parties.

ID.—REFUSAL TO INSTRUCT AS TO MATTER OF COMMON KNOWLEDGE.—
    An instruction that the value of testimony may be affected by evi-
    dence of a motive which would naturally tend to induce the state-
    ment of an untruth, is the enunciation of a proposition which must
    be apparent to every person of common intelligence and experience,
    and the refusal to give it furnishes no ground for reversal.

APPEAL from a judgment of the Superior Court of Los
Angeles County and from an order refusing a new trial. W.
H. Jamison, Judge.

The facts are stated in the opinion of the court.

S. M. Smyser, and O. S. Williams, for Appellant.

U. S. Webb, Attorney-General, and George Beebe, Deputy
Attorney-General, for Respondent.

SLOSS, J.—The defendant appeals from a judgment impos-
ing upon him a sentence of death after a conviction of murder
of the first degree, and from an order denying his motion for
a new trial.

Appellant's principal point is that the evidence is insuffi-
cient, in that it fails to show the premeditation which is an
essential element of the first degree of the crime charged. A
very brief summary of some of the testimony introduced by
the People will show the contention to be without merit.

The appellant was charged with the murder of Mrs. Refuga
Yorba. Mrs. Yorba, together with her son John Varela, and
other members of her family, was living in a five-room cottage.
She occupied a room in the front of the cottage, and John a
room in the rear. At about midnight on the eighteenth day of
August, 1908, John Varela, who had retired, was awakened
by hearing his mother cry "Help, help, they are killing me."
He jumped out of bed, and taking a revolver, ran out of the

house at the rear and around to the front. There he saw the defendant, Machuca. John Varela then walked into the house and entered his mother's room. According to his testimony, "she had cuts all over her and full of blood. . . . She was telling me that Fabronio Machuca had cut her up and tried to kill her." Leaving his mother, John came out of the house and struck Machuca. A desperate fight ensued, Machuca coming at Varela with a knife and the latter firing a shot from his revolver, and then continuing the combat with his fists. While the two were struggling, Mrs. Yorba came out, and the defendant cut her with his knife. At this point Willie Varela, another son of deceased, came upon the scene. He seized Machuca, and helped Mrs. Yorba and John to their feet. Machuca broke away and, running after Mrs. Yorba, commenced cutting her again. Willie shot him, but he continued using his knife on Mrs. Yorba "until he killed her." Willie shot again, and overpowered Machuca. The testimony of Willie Varela corroborated that of John in many of its main features. There was also evidence that the defendant had, on the day prior to the killing, made a statement that the jury might fairly have interpreted as constituting a threat against the life of the deceased. This court has repeatedly declared that the question of the degree of crime is exclusively for the jury, and that their determination will not be disturbed when there is any evidence to support it. (*People* v. *Bowman,* 81 Cal. 566, [22 Pac. 917]; *People* v. *Bruggy,* 93 Cal. 476, [29 Pac. 26]; *People* v. *Worthington,* 122 Cal. 583, [22 Pac. 583]; *People* v. *Mahatch,* 148 Cal. 200, [82 Pac. 779].) Even if we discard all consideration of what may have occurred in the house before the arrival of John Varela, the jury had a perfect right to conclude that the later acts of the defendant showed a fixed and deliberate intent on his part to take the life of the deceased. It is not necessary that there should be express evidence of a deliberate purpose to kill. "It could be inferred from proof of such facts and circumstances in the case as would reasonably warrant an inference of its existence." (*People* v. *Mahatch,* 148 Cal. 200. [82 Pac. 779].) That the deliberation which must precede the killing in order to make the murder one of the first degree need not have existed for any given length of time is thoroughly settled. (*People* v. *Bealoba,* 17 Cal. 389; *People* v. *Sanchez,* 24 Cal.

17; *People* v. *Hunt,* 59 Cal. 430; *People* v. *Mahatch,* 148 Cal. 200, [82 Pac. 779].) This being so, it cannot be doubted that the evidence here introduced fully justified the jury in finding the killing to have been deliberate and premeditated. There was to be sure, the testimony of the defendant and other witnesses contradicting the showing made by the prosecution, but it cannot be necessary to cite any authority to the effect that the action of the jury in accepting as true either of two conflicting statements presents no ground for the reviewing power of the appellate court.

Complaint is made of the refusal of the court to give a requested instruction telling the jury that they had the right, in determining the weight to be given to the testimony of any witness, to consider, among other things, "the motive actuating the witness in testifying." We think the substance of the desired direction was covered by the charge of the court that the jury should take into consideration the character of any witness, his relation to the case, his interest in the case, if any, his bias or prejudice, if any, against either of the parties. While the word "motive" was not used, a fair consideration of testimony in the light of a witness's character, his relation to or interest in the case, and his bias as between the parties could hardly exclude from view any motive affecting the credibility of the testimony. The difference between the instruction requested and the one given is verbal rather than real. Besides, we think the declaration that the value of testimony may be affected by evidence of a motive which would naturally tend to induce the statement of an untruth (Code Civ. Proc., sec. 1847) is the enunciation of a proposition which must be apparent to every person of common intelligence and experience. The refusal to give to the jury a charge embodying such a "common-place" furnishes no ground for reversal. (*People* v. *Newcomer,* 118 Cal. 263, [50 Pac. 405]; *People* v. *Benc,* 130 Cal. 159, [62 Pac. 404]; *People* v. *Wong Bin,* 139 Cal. 65, [72 Pac. 505].)

These are the only points urged by appellant. An examination of the record discloses no error affecting his rights.

The judgment and order appealed from are affirmed.

Shaw, J., Lorigan, J., Henshaw, J., and Melvin, J., concurred.

ANGELLOTTI, J., concurring.—In concurring in the judgment I deem it proper to say that the evidence contained in the record upon which the finding as to premeditation essential to sustain a verdict of guilty of murder in the first degree must depend, is exceedingly unsatisfactory to my mind. But, as shown in the opinion, there was some substantial evidence which, if believed by the jury and trial judge, would warrant the verdict, and that being the case an appellate court is not warranted in setting aside the verdict. The evidence opposed to the theory sustained by the verdict is, of course, not set forth in the opinion, but to my mind it is of such a nature as to render the evidence relied on by the prosecution very unsatisfactory, and to give rise to the most serious doubt of the guilt of the defendant of murder in the first degree.

Beatty, C. J., concurred.