[Crim. No. 1027. Third Appellate District.—September 28, 1928.]

THE PEOPLE, Respondent, v. WINFRED DAVIS, Appellant.

H. R. McNoble and Ray T. Coughlin for Appellant.

U. S. Webb, Attorney-General, and J. Charles Jones, Deputy Attorney-General, for Respondent.

FINCH, P. J.—The defendant was charged with the crime of murder. He interposed a general plea of not guilty and a special plea of not guilty by reason of insanity. He was first tried on the issues raised by his plea of not guilty and the jury found him guilty of murder of the second degree. Immediately after the rendition of this verdict the issue

raised by his special plea was tried before the same jury and a verdict was returned finding that he "was sane at the time that he is alleged to have committed the unlawful act, as alleged in the indictment herein." This appeal is from the judgment and the order denying a new trial.

The most important contention of the appellant is that sections 1016 and 1026 of the Penal Code are unconstitutional. The validity of the provisions of sections 1016 and 1026 which relate to the trial of a defendant who interposes the single plea of not guilty by reason of insanity were upheld in *People* v. *Hickman,* 204 Cal. 470 [268 Pac. 909], where the constitutional right of trial by jury is discussed at considerable length. In so far as applicable to the facts of this case, those sections read as follows:

"1016. There are five kinds of pleas to an indictment or information: 1. Guilty. 2. Not guilty. . . . 5. Not guilty by reason of insanity."

"1026. When a defendant pleads not guilty by reason of insanity, and also joins with it another plea or pleas, he shall first be tried as if he had entered such other plea or pleas only, and in such trial he shall be conclusively presumed to have been sane at the time the offense is alleged to have been committed. If the jury shall find the defendant guilty, . . . then the question whether the defendant was sane or insane at the time the offense was committed shall be promptly tried, either before the same jury or before a new jury, in the discretion of the court. In such trial the jury shall return a verdict either that the defendant was sane at the time the offense was committed or that he was insane at the time the offense was committed. If the verdict or finding be that the defendant was sane at the time the offense was committed, the court shall sentence the defendant as provided by law. If the verdict or finding be that the defendant was insane at the time the offense was committed, the court unless it shall appear to the court that the defendant has fully recovered his sanity shall direct that the defendant be confined in the state hospital for the criminal insane, or if there be no such state hospital, then that he be confined in some other state hospital for the insane."

The trial court strictly followed the procedure prescribed by the sections quoted. Since the issues raised by the gen-

eral and special pleas were tried before a single jury, it is unnecessary to consider the validity of the provision authorizing the trial of the question of insanity "before a new jury, in the discretion of the court." In *Bennett* v. *State,* 57 Wis. 69 [46 Am. Rep. 26, 14 N. W. 912], the supreme court of Wisconsin upheld the validity of a statute requiring that a defendant specially plead insanity, when relied on as a defense; that the issue on the special plea shall be first tried; that if the verdict of the jury is that the defendant was sane at the time of the commission of the offense, then his trial upon the plea of not guilty shall at once proceed before the same jury, and that the findings of the jury on the special plea shall be final and . conclusive. The court said:

"Section 7 of article I of the Constitution declares that in all criminal prosecutions the accused shall, among other things, 'have the right to a speedy public trial by an impartial jury.' . . . There is no constitutional objection to the statute which requires the accused to plead insanity at the time of the commission of the offense charged, as a separate defense to the information, together with the plea of not guilty. The only other objection made to the act is that it requires the jury to dispose of this plea by a verdict thereon before the trial shall proceed upon the plea of not guilty. This, we think, is a matter which relates merely to the form of a jury trial, and not to the substance. . . . It may be said . . . that the defendant cannot be required, against his consent, to make a special issue upon that fact (insanity), and proceed to try it separately and be concluded by the verdict thereon, when he is tried on the plea of not guilty; that if he can be compelled to be tried upon such issue separately, he may be compelled to plead separately, in all indictments or informations for murder or homicide, that the killing was in self-defense, or that it happened by misadventure or accident, and thus require the accused, in every case of homicide where he did not deny the killing, to plead specially his defense. Even if the support of this statute goes to that extent, we do not see how this takes away the defendant's right to a jury trial. Such a statute would simply regulate the pleadings and mode of procedure, and not go to the substance of a trial by jury. All the issues would still be tried by a jury, in the same

way they are now tried. . . . It is clear, if the legislature have the power to compel the defendant to plead insanity as a defense, or waive it, then it has the power to prescribe the manner of disposing of that issue on the trial so long as it leaves the accused a trial by jury upon such issue.'' (See, also, *Hempton* v. *State,* 111 Wis. 127 [86 N. W. 596]; *Schissler* v. *State,* 122 Wis. 365 [99 N. W. 593]; *Oborn* v. *State,* 143 Wis. 249 [31 L. R. A. (N. S.) 966, 126 N. W. 737].)

The reasoning of the Wisconsin court appears to be sound. No decisions other than those of that court, relating to separate trials of the issues in criminal cases, have been discovered, but in some of the other states the defense of insanity is waived by a defendant by his failure to specially plead it, and if he pleads insanity the jury must specially find thereon. (*Baker* v. *State,* 209 Ala. 142 [95 South. 467]; *Andrews* v. *State,* 17 Ala. App. 456 [85 South. 840]; *Fritz* v. *State,* 178 Ind. 463 [99 N. E. 727]; *State* v. *Saffron,* 146 Wash. 202 [262 Pac. 970].) The court of appeals of New York, however, in a civil action, upheld the provision of section 973 of the code of that state reading as follows: ''The court in its discretion may order one or more issues to be separately tried prior to any trial of the other issues in the case.'' Objection was made that the provision quoted impairs the constitutional right to a jury trial. The court said: ''The constitutional provision invoked against the act is, 'The trial by jury in all cases in which it has been heretofore used shall remain inviolate forever,' etc. This, of course, as asserted by appellant's counsel, secures the right of trial before a common-law jury of twelve men of certain classes of issues, which include the ones here involved. It is well settled that the object of such a provision is to preserve the substance of the right of trial by jury, rather than to prescribe the details of the methods by which it shall be exercised and enjoyed. . . . Even if we assume, as I think we should, that this section of the code permits separate trials of separate issues at different times, before different juries, it seems very clear that it does not destroy or impair the substantial right of a litigant to have his case tried before a proper jury, but only prescribes the method in which this may be done. Every issue is submitted to the verdict of a jury. This is the substance of the right. As

a matter of convenience, the court may order some issues to be tried before others are taken up. This is a matter of procedure and detail." (*Smith* v. *Western P. R. Co.*, 203 N. Y. 499 [Ann. Cas. 1913B, 264, 40 L. R. A. (N. S.) 137, 96 N. E. 1106].) In *Oborn* v. *State, supra*, while upholding the provision of a trial of the issue of insanity before that raised by the plea of not guilty, the court held that a defendant in a criminal case has the "constitutional right to have all the issues in his case, including any special issue of fact, particularly as to his sanity, tried before a single common-law jury." Since all the issues in this case were tried before a single jury, no further discussion of the constitutional question involved is deemed necessary.

During the examination of prospective jurors no questions were asked concerning the attitude of any of them towards the defense of insanity. After the jury returned a verdict of guilty and before the trial of the issue of insanity, counsel for defendant asked leave to examine the jurors "to determine their state of mind on the present issue." The court refused to permit such examination. The ruling was clearly right. Such examination, if desired, should have been made during the selection of the jury at the beginning of the trial. The trial was one continuous proceeding and it would be highly impractical to examine the jurors as to their qualifications during the stages of its progress. (*Schissler* v. *State, supra*.)

Appellant contends that by the trial of the issue of insanity before the same jury which had found him guilty of the offense charged he was "forced to accept a jury, each member of which had already heard the facts of the case and had formed and expressed an opinion thereon; each member of which was subject to challenge for actual bias." In support of this contention he cites *French* v. *State*, 85 Wis. 400 [39 Am. St. Rep. 855, 21 L. R. A. 402, 55 N .W. 566]. In that case the jurors were unable to reach an agreement on the special issue of insanity. The trial court thereupon discharged the jury and then ordered the trial to proceed before the same jury on both the special plea of insanity and the general plea of not guilty. This was manifestly error, the jury having theretofore sat in the trial of the special issue. In the later case of *Schissler* v. *State, supra,* it was held that the jury was not disqualified to try

the question of the guilt of the defendant after having found him sane on the trial of the special issue of insanity.

On the trial of the issue raised by the plea of not guilty the court sustained objections to all evidence offered by the defendant tending to show that he was insane at the time of the homicide. Such evidence was admitted on the trial of the issue of insanity. The defendant was thereby given the full benefit of such evidence as a defense to the crime with which he was charged. He was subject to punishment only upon a finding by the jury that he "was sane at the time the offense was committed." (Pen. Code, sec. 1026.) Was evidence of mental weakness or derangement, not constituting insanity, admissible as affecting the degree of the crime? In *Hempton* v. *State, supra,* it was held that, while the verdict of the jury against the defendant on the special issue of insanity precluded further inquiry as to mental impairment as a complete defense, evidence tending to show mental impairment rendering defendant incapable of forming the specific intent involved in murder of the first degree was admissible on the trial under the plea of not guilty. There are other authorities to the effect that such evidence is admissible for the purpose stated. (Wharton's Criminal Law, 11th ed., sec. 64; 1 Wharton & Stille's Medical Jurisprudence, sec. 188.) Whether the same rule is to be applied in this state may, at least, be seriously doubted. (*People* v. *Sloper,* 198 Cal. 238 [244 Pac. 362]; *People* v. *Perry,* 195 Cal. 623, 639 [234 Pac. 890].) No further discussion of the question is necessary, however, because the defendant was convicted of murder of the second degree only. In this state it has always been held that to reduce a killing from murder of the second degree to manslaughter on the ground of sudden quarrel or heat of passion "this heat of passion must be such a passion as would naturally be aroused in the mind of an ordinarily reasonable person under the given facts and circumstances, and that, consequently, no defendant may set up his own standard of conduct and justify or excuse himself because in fact his passions are aroused, unless further the jury believe that the facts and circumstances were sufficient to arouse the passions of the ordinarily reasonable man." (*People* v. *Logan,* 175 Cal. 45, 49 [164 Pac. 1121]; *People* v. *Hurtado,* 63 Cal. 288, 292; *People* v. *Golsh,* 63 Cal. App. 609, 614 [219

Pac. 456].)   In the ·Hurtado case it is said: "If defendant was so far in possession of his mental faculties as to be capable of knowing that the act of killing was wrong, any partial defect of understanding which might cause him more readily to give way to passion than a man ordinarily reasonable, cannot be considered for any purpose."

▆   Complaint is made of the following instruction given by the court on the trial under the general plea of not guilty: "For the purposes of this case the defendant is conclusively presumed to have been sane at the time of the commission of the alleged offense herein, and the jury are instructed that they must consider that at all times mentioned in this case, the defendant was sane."   It is urged: "The foregoing instruction was not limited in its application to any particular phase of the case and in effect told the jury that no amount or kind of evidence would serve to show defendant's insanity."   More appropriate words might well have been used instead of the words "this case," but the jurors doubtless understood the instruction to refer to the trial of the issues then before them for consideration. The instruction could not have misled the jury in the trial of the issue of insanity.   In the trial of that issue the court fully and correctly instructed the jury on the subject of insanity and specifically, at the defendant's request, that if it was proved, "by a preponderance of evidence, that he was insane at the time of the commission of the act charged against him by the indictment, he is entitled to a verdict at your hands that he was insane at the time the offense was committed."

No prejudicial error appears in the record and the defendant's rights were fully protected by the trial court.

The judgment and the order are affirmed.

Bartlett, J., *pro tem.*, and Plummer, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on October 27, 1928.