[Crim. No. 1883.   Second Appellate District, Division Two.—December 20, 1929.]

THE PEOPLE, Respondent, v. J. P. PHILLIPS, Appellant.

Frederic H. Vercoe, Public Defender, Franklin Padan, Chief Deputy Public Defender, and Richard F. Bird, Deputy Public Defender, for Appellant.

U. S. Webb, Attorney-General, and W. R. Augustine, Deputy Attorney-General, for Respondent.

THOMPSON (IRA F.), J.—By an information filed on December 21, 1923, by the district attorney of Los Angeles County the defendant was charged with the crime of forgery, alleged to have been committed on December 11, 1923.   The defendant interposed a plea of "not guilty" and also one of "not guilty by reason of insanity."   His trial was set for February 11, 1924, but he absconded and was not re-apprehended until April 29, 1929.   His trial upon the first plea came on for hearing on July 25, 1929, and on the second plea, on the day following.   The jury returned a verdict of guilty and also found the defendant sane.   The court denied his motion for a new trial and he is here upon

an appeal from the judgment and from the order refusing to vacate the verdict.

The appellant raises but one question. During the first trial he offered testimony to show that his mental condition was subnormal, it being the contention of his counsel that there is ''between the state where a person is normal mentally and the state where he is legally insane, a fixed twilight zone where he is neither insane nor normal mentally.'' This proof was tendered ''for the purpose of showing that he was in such a state of mind he did not entertain an intent to defraud, which is the gist of the crime on which'' the appellant was being tried. The quotations are taken from the offer of proof of counsel during the trial and clearly and succinctly set forth the theory he had in mind. And perhaps the question here will be made more clear if we also set down an excerpt from appellant's brief which concisely states the proposition, as follows: ''The trial court erred in refusing to allow appellant to introduce evidence at his trial on his plea of not guilty regarding his subnormal condition, not amounting to insanity as affecting the question of the intent or lack of intent with which the alleged criminal act was committed.''

Counsel for appellant, while recognizing the force of the opinion in *People* v. *Troche,* 206 Cal. 35 [273 Pac. 767], attempt to distinguish the instant cause therefrom. Their argument is plausible and earnest, but without substance, as a few references to the language of that decision will demonstrate. It is there said: ''The arguments touching the validity of these provisions have been advanced from three points of view: First . . . second, that, when properly construed, the statute eliminates from the consideration of the jury during the trial of the general issue the question of the 'legal insanity' of the defendant—the only kind of insanity which excuses one from punishment for a crime committed—but does not prevent the introduction of evidence tending to establish the mental condition of the accused at the time the offense was committed, *for the purpose of showing a lack of criminal intent,* malice, or premeditation, such evidence to be also considered by the jury, in the exercise of its discretion in a trial for murder, in fixing the degree of the crime and the punishment at life imprisonment or the extreme penalty, if it finds the offense to have

been murder in the first degree; . . . " (Italics ours.) In our opinion the words of the Supreme Court constitute a re-statement of the proposition advanced by the appellant. We can scarcely imagine two arguments more nearly the same when relating to a subject as new to the profession. How does the court answer? In these words:

"The trial court committed no error in strictly following the letter of the statute (Pen. Code, secs. 1020 and 1026) and excluding, on the trial of the general issue of not guilty, all evidence tending to show the mental condition of the defendant at the time of the commission of the offense. The doctrine of 'partial insanity,' announced by some authorities, particularly Wharton in his work on Criminal Law, has never been recognized as the law in this jurisdiction. In this state, in order that 'insanity may be available as a defense to a crime charged, it must appear that the defendant, when the act was committed, was so deranged and diseased mentally that he was not conscious of the wrongful nature of the act committed. If he has reasoning capacity sufficient to distinguish between right and wrong, as to the particular act he is doing, knowledge and consciousness that what he is doing is wrong and criminal and will subject him to punishment, he must be held responsible for his conduct. Although he may be laboring under partial insanity, as, for instance, suffering from some insane delusion or hallucination—still, if he understands the nature and character of his action and the consequences —if he has knowledge that it is wrong and criminal, and that if he does the act he will do wrong, such partial insanity or the existence of such delusion or hallucination is not sufficient to relieve him from responsibility for his criminal acts.' (*People* v. *Willard*, 150 Cal. 543, 554 [89 Pac. 124]; *People* v. *Kerrigan*, 73 Cal. 222, 225 [14 Pac. 849]. See, also, *People* v. *Hurtado*, 63 Cal. 288.) In this state 'so far as accountability to the law is concerned, there is no middle ground.' (*People* v. *Perry*, 195 Cal. 623, 639 [234 Pac. 890].) Such is the law in many jurisdictions. (*Warner* v. *State*, 114 Ind. 137 [16 N. E. 189]; *United States* v. *Lee*, 4 Mackey (D. C.), 489 [54 Am. Rep. 293]; *Commonwealth* v. *Wireback*, 190 Pa. St. 138 [70 Am. St. Rep. 625, 42 Atl. 542]; *Dean* v. *State*, 105 Ala. 21 [17 South. 28]; *Wartena* v. *State*, 105 Ind. 445 [5 N. E. 20];

*Kirby* v. *State,* 68 Tex. Cr. Rep. 63 [150 S. W. 455].) 'Protection is always afforded in courts of law to persons of unsound mind. Distinction is made between sanity and insanity in people, but not as respects their grade of intelligence. The law does not attempt to measure degrees of intellect, nor to make distinction with respect thereto, where the power of thought and reason exists.' (*State* v. *Schlaps,* 78 Mont. 560 [254 Pac. 858, 863].) In 14 R. C. L., page 599, section 54, it is said: 'It is the general rule that insanity, when interposed as a defense in a criminal prosecution, is either a complete defense or none at all, and it has been held that there is no degree of insanity sufficient to acquit of murder but not of manslaughter.' A valuable note on this subject is found in the case of *Knights* v. *State,* 76 Am. St. Rep. 83 [58 Neb. 225, 78 N. W. 508].

"It follows, therefore, that any evidence tending to establish the insanity of the defendant under his plea of not guilty by reason of insanity at the time of the commission of the homicide, other than evidence of the immediate circumstances of the offense, would have been irrelevant and immaterial on the trial of the general issue as to the guilt or innocence of the defendant raised by the general plea of not guilty. As the statute accorded the defendant his full right, and ample opportunity to submit to a jury his plea of insanity at the time of the commission of the offense, in excuse of his act and as a reason why no penalty of the law should be visited upon him, it follows that the trial court correctly excluded the evidence on the trial of the general issue.

"Furthermore, the only evidence admissible for the purpose of enabling the jury to determine whether the death penalty or life imprisonment should be imposed in the event the defendant should be found guilty of murder in the first degree was the evidence which the court did admit, and which concerned 'the circumstances connected with the offense.' (*People* v. *Golsh,* 63 Cal. App. 609, 613 et seq. [219 Pac. 456] ; see, also, *People* v. *Witt,* 170 Cal. 104, 110 [148 Pac. 928].) The insanity of a defendant cannot be used for the purpose of reducing his crime from murder in the first degree to murder in the second degree. If responsible at all in this respect, he is responsible in the same degree as the sane man, and if he is not responsible at all

he is entitled to an acquittal in both degrees. (*State* v. *Maioni*, 78 N. J. L. 239 [20 Ann. Cas. 204, 74 Atl. 526, 528].)'' An analogous argument was also advanced in *People* v. *Lazarus*, 207 Cal. 507 [279 Pac. 145], and its soundness denied.

This apt language precludes the necessity of further discussion of the subject. However, there is another fatal defect. Counsel when asked by the court if he intended to show that appellant was in a subnormal state of mind at the time of the commission of the crime, responded: ''Yes. Of course the only evidence I can produce though, tending to show that he was in that state of mind at the time of the commission of the crime is the evidence as to his present mental state, together with the testimony of a number of doctors to the effect that his mental condition is such that if it exists now it probably existed five years ago, five and a half years ago.'' It will, of course, be borne in mind that the trial was had on July 25, 1929, while the offense was committed December 11, 1923. In *People* v. *Lazarus, supra,* it was urged by the defendant that he was entitled under the general plea to offer evidence as to his mental condition prior to the commission of the offense charged as bearing upon his intent at the time it was committed. The court said: ''The record discloses, however, that the evidence which said defendant thus desired to offer upon his plea of 'not guilty' did not in any way involve the facts and circumstances immediately attending the commission of his crime, but related wholly to mental states and their causes existing and affecting the defendant during a period long preceding the date of his crime. As to this evidence the record discloses that he was allowed the fullest opportunity to present the same upon his trial upon the plea of 'not guilty by reason of insanity,' and his case in that respect is thus brought directly within and is fully disposed of under the recent decisions of this court in the cases of *People* v. *Troche*, 206 Cal. 35 [273 Pac. 767], *People* v. *Leong Fook*, 206 Cal. 64 [273 Pac. 779], and *People* v. *Coen*, 205 Cal. 596 [271 Pac. 1074]. We therefore find no prejudicial error on the part of the trial court in confining said defendant with relation to such evidence to his proofs under his plea of 'not guilty by reason of insanity.' ''

The situations are sufficiently comparable as to warrant us in saying that the case is squarely in point.

Judgment and order affirmed.

Craig, Acting P. J., and Burnell, J., *pro tem.*, concurred.