[Crim. No. 138.   Fourth Appellate District.—April 18, 1932.]

THE PEOPLE, Respondent, v. JESUS BORJA, Appellant.

Tom Okawara for Appellant.

U. S. Webb, Attorney-General, and Alberta Belford, Deputy Attorney-General, for Respondent.

MARKS, J.—Appellant, a Mexican boy of fifteen years of age, was convicted of murder in the first degree and sentenced to imprisonment for life in the state penitentiary. He has appealed from the judgment pronounced upon him, and from the order denying his motion for new trial.

It appears from the record before us that appellant became enamoured of Rosa Guerrera, a Mexican girl who resided with her relatives and in the same house with appellant. On the morning of August 30, 1931, Rosa was married to Pedro Garcia. The wedding party returned to the bride's home where they had a wedding breakfast, the guests remaining until about 2:30 o'clock in the afternoon when the bridal couple prepared to depart to the home of the groom. The bridegroom, appellant and Raphael Huerrera were in a room together at the time of the murder. Appellant armed himself with a knife and without warning stabbed the bridegroom in the heart, causing his instant death.

Appellant then walked to a near-by service station, where he called the officers of the law and submitted himself to arrest. On their arrival a short time after the homicide he made the following statement to them: "I am the man you are looking for. I killed a man." "He married my girl and he wasn't going to get away with it." In the evening of the same day appellant made a further statement to the officers, in which he admitted stabbing the deceased with the intention of killing him. Huerrera testified to all the circumstances of the killing except the actual striking of the death blow.

■ Appellant maintains that this evidence is not sufficient to support the verdict and judgment. There is no merit in this contention. (*People* v. *Bellon*, 180 Cal. 706 [182 Pac. 420]; *People* v. *Machuca*, 158 Cal. 62 [109 Pac. 886]; *People* v. *Johnson*, 203 Cal. 153 [263 Pac. 524].)

■ Appellant contends that he was of the mental age of approximately ten years and that evidence of this fact should have been admitted under the theory that it would show his inability to entertain an intent to commit the crime of murder. Upon his arraignment appellant entered pleas of not guilty by reason of insanity, and not guilty, but subsequently withdrew the plea of not guilty by reason of insanity and went to trial upon his plea of not guilty. Under this state of the record the evidence offered by appellant as to his mental age is clearly inadmissible under the rule announced in the case of *People* v. *Phillips*, 102 Cal. App. 705 [283 Pac. 821]. (See, also, *People* v. *Keyes*, 178 Cal. 794 [175 Pac. 6].)

■ Appellant further complains of a statement made by the deputy district attorney in his argument to the jury, that it was not to consider the question of the death penalty as the law had already taken care of that, and that a recommendation for life imprisonment was unnecessary. We can see no prejudice in this statement. Appellant was under the age of eighteen years and the death penalty could not be inflicted upon him. (Sec. 190, Pen. Code.)

■ Appellant further complains of the refusal of the trial court to give certain instructions requested by him defining the term "moron" and setting forth the classes of persons capable of committing a crime. An examination

of the proposed instructions shows that they were not based upon any evidence before the jury and were properly refused. An examination of the instructions given shows that the jury was properly instructed concerning the law of the case.

The judgment, and the order denying the motion for new trial, are affirmed.

Barnard, P. J., and Jennings, J., concurred.