[Crim. No. 314. Fourth Appellate District.—November 21, 1935.]

THE PEOPLE, Respondent, v. APOLONIO CAMPOS, Appellant.

David C. Marcus for Appellant.

U. S. Webb, Attorney-General, Frank Richards, Deputy Attorney-General, and Earl Redwine, District Attorney, for Respondent.

JENNINGS, J.—The defendant, who was charged with the crime of murder, was convicted of murder in the first degree. The jury which returned the verdict of conviction recommended that the defendant be sentenced to life imprisonment. The trial court denied defendant's motion for a new trial and pronounced judgment whereby defendant was sentenced to life imprisonment. From the judgment and from the court's order denying his motion for a new trial defendant appeals.

The first contention advanced is that the trial court erred in refusing to reduce the offense to one of less degree. In this connection it is urged that this court is empowered by the provisions of subdivision 6 of section 1181 of the Penal Code to modify the judgment on this appeal by reducing the offense to one of less degree. There can be no doubt that this court is authorized to modify the judgment. The above-mentioned statute so provides and such a course has been followed in a number of instances, e. g., *People* v. *Kelley,* 208 Cal. 387 [281 Pac. 609] ; *People* v. *Howard,* 211 Cal. 322 [295 Pac. 333, 71 A. L. R. 1385] ; *People* v. *Peter,* 125 Cal. App. 657 [14 Pac. (2d) 166]. The language of the statute is as follows:

"When the verdict is contrary to law or evidence, but if the evidence shows the defendant to be not guilty of the degree of the crime of which he was convicted, but guilty of a lesser degree thereof, or of a lesser crime included therein, the court may modify the judgment accordingly without granting or ordering a new trial, and this power shall extend to any court to which the cause may be appealed."

From the above-quoted language it is obvious that in order to sustain appellant's contention it must appear from the evidence which was produced during the trial that appellant is not guilty of the crime of first degree murder but that he is guilty of some offense less in degree or of some less serious crime included within the offense of which he was convicted.

Examination of the record impels the conclusion that appellant was properly convicted of murder in the first degree

and that the trial court committed no error in refusing to reduce the offense to one of less degree. The transcript shows that evidence was submitted to the jury which tended to prove that shortly before the offense was committed appellant remonstrated with the deceased because the latter had struck down and kicked a third person, that the deceased then said to appellant: "If you don't like it, I have some for you, too," whereupon appellant replied: "All right, but come outside"; that appellant and deceased immediately proceeded towards the door, appellant walking ahead; that appellant passed through the doorway and had gone about five feet beyond the exit when the deceased was preparing to step out from the doorway; that appellant then drew from a pocket of his clothing a 32-calibre revolver and fired one shot therefrom; that the bullet struck the deceased about three inches below the left nipple, passed through the pericardium, touched the tip of the man's heart, and lodged in the body of the vertebrae; that the wound thus suffered caused practically instant death; that appellant immediately left the scene of the shooting and hid in the brush, where he remained for approximately eleven days and was apprehended as he was attempting to escape from the section of the state in which the place where the shooting occurred is located; that appellant was asked by the arresting officer why he had killed the deceased, to which appellant replied that "he was mad at him". There was also evidence that appellant was not acquainted with the deceased, that both men had partaken of intoxicating liquor during the evening preceding the shooting and that when appellant first arrived at the place where the shooting occurred the deceased called appellant a vile name which, as appellant testified, provoked him and hurt his feelings.

The above recital of evidence which was produced during the trial demonstrates the futility of appellant's contention that the offense of which he was guilty was less serious than that of which he was convicted. ■ It is argued that there was no proof of the necessary element of malice. Murder is defined in section 187 of the Penal Code as "the unlawful killing of a human being, with malice aforethought". Section 188 of the same code declares that malice may be express or implied, that it is express when there is manifested a deliberate intention unlawfully to take away the life of a

fellow creature and that it is implied when no considerable provocation appears or when the circumstances attending the killing show an abandoned and malignant heart. It is settled that "malice may always be inferred from the circumstances in the case—the evidence presented and considered by the jury". (*People* v. *Glover,* 141 Cal. 233, 243 [74 Pac. 745].) It requires something more than optimism to argue that the jury was not warranted in drawing an inference of malice from the circumstances which surrounded the homicide in this case.

 Appellant cites section 189 of the Penal Code which specifies the two degrees of murder and defines murder in the first degree as murder which is perpetrated "by means of poison, or lying in wait, torture, or by any other kind of wilful, deliberate, and premeditated killing, etc.". It is urged that the evidence presented to the jury failed to show the essential requisite of premeditation. This contention is likewise devoid of merit. The principle is well established that express evidence of a deliberate purpose to kill is not required to warrant a verdict of conviction of murder in the first degree. The necessary element of premeditation may be inferred from proof of such facts and circumstances as will furnish a reasonable foundation for such an inference. (*People* v. *Mahatch,* 148 Cal. 200, 202 [82 Pac. 779]; *People* v. *Machuca,* 158 Cal. 62, 64 [109 Pac. 886]; *People* v. *Bennett,* 161 Cal. 214, 218 [118 Pac. 710]; *People* v. *Erno,* 195 Cal. 272, 278 [232 Pac. 710].) It has often been said that "There need be no appreciable space of time between the intention to kill and the act of killing; they may be as instantaneous as successive thoughts of the mind. It is only necessary that the act of killing be preceded by a concurrence of will, deliberation, and premeditation on the part of the slayer, and if such is the case, the killing is murder in the first degree, no matter how rapidly these thoughts of the mind may succeed each other, or how quickly they may be followed by the act of killing." (*People* v. *Bellon,* 180 Cal. 706, 710 [182 Pac. 420].) Appellant testified that the revolver from which the fatal shot was fired was accidentally discharged. The verdict of conviction indicates that the jury rejected appellant's explanation of the homicide and arrived at the conclusion that appellant being armed either provoked a quarrel with an unarmed man intending to kill him or, when the quarrel arose,

drew his weapon and shot the victim with malicious deliberation. The circumstances that were shown to have surrounded the homicide, including the character of weapon used, the nature of the wound inflicted, the fact that the deceased displayed no weapon of any character and was unarmed, the acts and conduct of the accused, furnished ample justification for the indulgence by the jury in the inference that appellant entertained a deliberate purpose to kill the deceased. This properly supported inference warranted the return of a verdict convicting appellant of murder in the first degree. (*People* v. *Mahatch, supra; People* v. *Bennett, supra; People* v. *Peete,* 54 Cal. App. 333, 342 [202 Pac. 51].)

Appellant's second contention is that the trial court erred in permitting the district attorney to inquire of appellant on cross-examination over his objection whether or not prior statements made by him which were inconsistent with his testimony given on direct examination were untrue. Appellant testified on direct examination that the revolver which he held in his hand at the time the fatal shot was fired was accidentally discharged. Prior to the time appellant thus testified in his own behalf, and as part of the respondent's case, statements made by appellant to the district attorney on the day following appellant's arrest and his testimony at the preliminary examination before the committing magistrate had been received in evidence. From the former it appeared that appellant stated that he shot the deceased because he was provoked with him on account of the deceased having struck and kicked a friend of appellant shortly before the shooting occurred. Appellant did not then pretend that the shooting was accidental but on the contrary admitted that he knew he had no right to shoot and kill the deceased. From the latter it appeared that appellant testified at his preliminary examination that he shot and killed the deceased because he was angry with him on account of the fight that had occurred between the deceased and appellant's friend. Appellant did not then claim that the shooting was accidental.

Appellant objected to the inquiry as to whether or not the statements formerly made by him were untrue, first, because it assumed a state of facts not in evidence and, second, because a proper foundation for the inquiry had not been laid. It is now urged that the trial court's ruling permitting the question to be answered was erroneous because it amounted

to impeachment of the witness without proper foundation therefor having been laid. The contention is entirely devoid of merit. It is always proper, for the purpose of discrediting a witness by his own admissions, to interrogate him, on cross-examination, as to prior inconsistent statements without calling attention to time, place, circumstances, and persons present. (27 Cal. Jur., p. 159, sec. 133; *People* v. *Jones,* 160 Cal. 358 [117 Pac. 176] ; *People* v. *Ho Kim You,* 24 Cal. App. 451 [141 Pac. 950] ; *People* v. *Williams,* 43 Cal. App. 60 [184 Pac. 498].)

■ ·Appellant's third contention is that the trial court committed reversible error in permitting the testimony given by appellant at the preliminary examination to be read in evidence over his objection. This contention appears to be based on the following propositions: First, that the transcript of the proceedings taken at the preliminary examination failed to show that the official interpreter who also reported the proceedings was sworn to act as interpreter; second, that the transcript failed to show that anyone translated from English to Spanish the statements made by the magistrate to appellant, who was shown to have been unable to understand the English language and capable of understanding only the Spanish language; third, that it appeared that the interpreter in translating from English into Spanish the charging part of the complaint used the Spanish word "mato" which means to kill rather than the Spanish word which means to murder so that appellant was not informed that he was accused of having murdered the deceased, but, on the contrary, was told that he was accused of having killed the deceased. It is also observed that appellant did not have the benefit of counsel at the preliminary examination.

The above-stated objections are utterly unmeritorious. The record shows that the transcript of the proceedings taken at the preliminary examination was not introduced in evidence but that the phonographic reporter testified from her notes and that she testified that she was sworn to act as interpreter and that she did translate the statements of the magistrate which were given in English into the Spanish language. It also appears that appellant was fully and fairly informed of his rights by the magistrate including his right to counsel at any and all stages of the proceeding, his right to process to compel the attendance of witnesses in his behalf, his right to

refrain from making any statement at the preliminary examination and a clearly stated warning that any statement which he should make that might be prejudicial to his interests might be used against him at any time. The record further shows that after having informed appellant of his rights the magistrate propounded the following question: "Does he admit the charge as stated?" To this question appellant gave the following answer: "That is true, because that is the way it happened." The record shows that appellant then took the stand and unhesitatingly replied to questions asked him by the district attorney and in the course of the examination thus conducted admitted that he killed the deceased because he was provoked with him on account of the beating which the deceased had administered to a friend of appellant.

The fourth contention advanced by appellant is that the trial court erred in giving two specified instructions. By one of them the jury was advised that if it found that appellant shot and killed the deceased and immediately thereafter fled from the scene of the homicide, the jury was entitled to consider and weigh such evidence as tending to show consciousness of guilt. By the second instruction the jury was informed that the fact of flight, if proven, although not sufficient of itself to establish guilt, was a circumstance which the jury was entitled to consider in arriving at a decision of appellant's guilt or innocence.

The first of the above-mentioned instructions is criticized because it is declared that the record shows that no evidence was introduced during the trial which tended to show that appellant fled from the scene of the homicide immediately after the killing and remained concealed in the brush until he was apprehended. Examination of the record fully demonstrates the incorrectness of this declaration. Appellant himself testified at the preliminary examination that he left the scene of the killing after the shooting and ran into the brush to hide and that with the exception of several hours during which he was at a friend's house he remained in the brush until a short time before he was apprehended. Appellant also testified during the trial of the action that when he saw the deceased fall he ran away to hide because he was afraid that if he remained at the scene of the shooting he might be killed, that he went into the brush where he remained until a short

time before he attempted to leave the locality in which the scene of the homicide is situated. In addition to the foregoing evidence two witnesses for the prosecution testified that after the shot was fired appellant ran into the brush.

The second instruction is attacked because it is contended that it was an instruction which related principally to the evidence and in effect amounted to an invasion of the jury's exclusive province to determine the weight of evidence. In presenting this contention appellant relies upon *People* v. *Jones,* 160 Cal. 358 [117 Pac. 176], wherein an instruction similar to the instruction now under consideration was criticized as constituting an invasion of the jury's prerogative of weighing the evidence. Section 1127c of the Penal Code, which was enacted in 1929, approximately eighteen years after the above-cited case was decided, specifically authorizes the giving of an instruction of the character here being discussed in any criminal trial where reliance is placed on the fact of flight as tending to show guilt. In *People* v. *Erno,* 195 Cal. 272 [232 Pac. 710], the giving of a similar instruction was held not to be prejudicial error. In the very recent decision of *People* v. *Murguia,* ▉(Cal.) 48 Pac. (2d) 958, the Supreme Court of this state characterized a complaint similar to that which is here presented by appellant as one having little merit and, in holding the giving of an instruction on flight not prejudicial, made the following pertinent comment:

"Immediate flight, in the absence of any accusation—in advance, perhaps, of the probability of an accusation, formal or informal—may afford persuasive evidence of a consciousness of guilt."

The facts and circumstances of the instant case fully warrant the conclusion that the giving of the criticized instructions was not prejudicial to appellant.

▉ Appellant complains that the trial court erroneously refused to permit the witness Russell Waite to testify concerning conversations which he had with the district attorney and with appellant. The record shows that this witness is an attorney and that he was appointed by the superior court to represent the appellant upon his arraignment on the charge of murder. In particular it is urged that the trial court

erred in sustaining respondent's objection to the following question propounded to the witness by appellant's counsel: "Isn't it a fact that the District Attorney informed you that if the defendant did not plead guilty, he would ask the court that this defendant be given the death penalty?" In complaining that the court erred in sustaining the objection, appellant states that "Certainly, the conversation that Mr. Waite had with the District Attorney would be relevant and material and proper." However, it is our conclusion, based on the record, that the conversation sought to be elicited was neither proper nor relevant nor material to the single issue presented which was the guilt or innocence of appellant of the charge of murder made against him. We entertain no hesitancy, therefore, in declaring that the trial court properly sustained the objection to the aforementioned inquiry.

▪ Appellant's final objection is that the trial court erred in denying his motion to set aside the information made prior to plea on the ground that he had not been afforded a preliminary examination as required by law. This claim of error appears to be based on the fact that the committing magistrate, perceiving that appellant was not represented by counsel, failed to appoint an attorney for him. Such a contention has no legal justification. Section 859 of the Penal Code provides that the magistrate, when a defendant is brought before him on a charge of having committed a public offense, must allow him a reasonable time to send for counsel and may postpone the examination for not more than five days for that purpose and must, upon the defendant's request, require a peace officer to take a message to any counsel whom the defendant may name in the township or city. The magistrate is not, however, required to appoint counsel to represent the accused as is the case upon his arraignment in the superior court as provided by section 987 of the Penal Code (*People* v. *Crowley,* 13 Cal. App. 322, 324 [109 Pac. 493]). We do not understand that it is now contended that the evidence which was produced at the preliminary examination was insufficient to justify appellant being held for trial in the superior court. Such contention if made would be unavailing. ▪ The objection of evidentiary insufficiency to justify a committing magistrate in holding a defendant for trial in the superior court may be raised by application for a writ of *habeas corpus* (subd. 7, sec. 1487, Pen. Code). It is not a ground for setting aside an informa-

tion (*People* v. *Creeks*, 170 Cal. 368 [149 Pac. 821]; *People* v. *Serrano*, 123 Cal. App. 339 [11 Pac. (2d) 81]). As heretofore noted the record herein shows that appellant was fully and fairly advised of his rights by the committing magistrate at the time of the preliminary examination and elected to testify as a witness at such examination. His testimony afforded ample justification for the order holding him for trial on the charge of murder.

For the reasons stated the judgment and order from which this appeal is presented are affirmed.

Barnard, P. J., and Marks, J., concurred.