[Crim. No. 4220.   In Bank.—September 18, 1939.]

THE PEOPLE, Respondent, v. JESSIE J. CORDOVA, Appellant.

Clarke A. Walker and Edgar G. Langford for Appellant.

Earl Warren, Attorney-General, and R. S. McLaughlin, Deputy Attorney-General, for Respondent.

SHENK, J.—Pursuant to the provisions of section 1239 of the Penal Code there is here automatically presented an appeal by defendant from a judgment of conviction imposing the extreme penalty.

Accused by information of having murdered his three-year-old son, defendant entered the dual pleas of "not guilty" and "not guilty by reason of insanity". After jury trial on the main plea he was found guilty as charged, and the degree of crime was fixed as murder of the first degree. Trial was then had on the plea of insanity, and the jury returned a verdict finding that defendant was sane at the time of commission of the offense. Thereafter motion for new trial was denied, and judgment of death pronounced. This appeal followed.

No question whatsoever is raised by appellant concerning the sufficiency of the evidence to support the verdicts. Indeed, on oral argument counsel frankly conceded that in view of past rulings of this court he did not think that any such contention could be successfully maintained. It is therefore unnecessary to include in this opinion a statement of the revolting facts and circumstances which led to and surrounded the perpetration of the crime. An examination of the record reveals abundant and conclusive evidence of guilt. Likewise as to the claim of insanity there is, despite some conflict, ample and convincing evidence in support of the verdict rendered on that issue. In short, the record made affords no basis for disturbance of either of the verdicts of the jury, and no question of fact is presented for decision.

The argument of appellant consists solely of an attack upon the constitutionality of sections 1016, 1020, and

1026 of the Penal Code. These are the statutes which provide for a dual trial where a defendant pleads both not guilty and not guilty by reason of insanity. Many objections to this procedure have heretofore been urged on constitutional grounds, and answered by prior decisions. (*People* v. *Hickman,* 204 Cal. 470 [268 Pac. 909, 270 Pac. 1117]; *People* v. *Troche,* 206 Cal. 35 [273 Pac. 767]; *People* v. *Leong Fook,* 206 Cal. 64 [273 Pac. 779]; *People* v. *Dias,* 210 Cal. 495 [292 Pac. 459]; *People* v. *French,* 12 Cal. (2d) 720 [87 Pac. (2d) 1014]; *People* v. *D'Angelo,* 13 Cal. (2d) 203 [88 Pac. (2d) 708]; *People* v. *Davis,* 94 Cal. App. 192 [270 Pac. 715]; *People* v. *La Crosse,* 5 Cal. App. (2d) 696 [43 Pac. (2d) 596]; *People* v. *Groves,* 9 Cal. App. (2d) 317 [49 Pac. (2d) 888, 50 Pac. (2d) 813]; 74 A. L. R., note, p. 265.) Appellant pleads for adoption of the theories set forth in dissenting opinions in the cited cases (see particularly *People* v. *Troche, supra,* and *People* v. *Leong Fook, supra*), but at the same time he recognizes that the plea is not likely to be heeded in view of the strong entrenchment of the majority rule. In addition, however, he contends that there is a further and fatal point of weakness in the statutory plan which has never been called to the attention of an appellate court, and which demonstrates beyond cavil that the prescribed procedure deprives a defendant of the equal protection of the law, and is discriminatory and otherwise violative of constitutional rights.

He points out that where a defendant charged with murder enters the single plea of not guilty by reason of insanity, the procedure is: (1) Trial of insanity issue. (2) Circumstances of crime shown. (3) Degree of crime and penalty therefor fixed. (See, as an illustration, *People* v. *David,* 12 Cal. (2d) 639 [86 Pac. (2d) 811].) But where the dual pleas of not guilty and not guilty by reason of insanity are entered, the procedure is: (1) Trial on main plea. (2) If defendant found guilty, degree of crime fixed. (3) Issue of insanity then tried. This variation in procedural steps, so appellant urges, creates an unjust and unreasonable discrimination in favor of a defendant who does not enter a plea of not guilty, and against one who does enter such a plea, in that in the first instance the penalty is not determined until after the trial court has heard all of the evidence touching upon the defendant's sanity or insanity at the time of commission of the offense, whereas in the second instance,

the degree of crime and the penalty therefor must be determined by the jury, or by the court in cases of waiver of jury, without the benefit of any information concerning such sanity.

This argument would perhaps be persuasive if in the one instance and not in the other, the evidence bearing on the issue of the defendant's sanity at the time of commission of the offense was taken into consideration in determining the degree of crime and the penalty. The fact is, however, that in neither case may such evidence be considered in making said determination. Where the dual pleas are entered, the insanity issue is not tried until after the defendant has been found guilty and the degree of the crime has been fixed by jury verdict, or, on waiver of jury, by finding of the court. On the other hand, where insanity alone is pleaded, without denial of commission of the homicide, there is a reversal of procedure in that the insanity issue is tried prior to determination of the degree of crime. But even so, in fixing the degree and penalty the court is limited to a consideration of evidence of the circumstances attendant upon and connected with the offense, and to such evidence only. The alleged insanity may not be used as a basis for extending leniency. It is either a complete defense, or none at all. There is no *degree* of insanity which may be established to affect the degree of crime. Therefore, so far as fixing the penalty is concerned, it is immaterial at what point the insanity hearing is held, for evidence adduced thereon can only be considered for proper purposes and cannot be used to measure the severity of the punishment which should be imposed.

The above-mentioned limitation upon the scope of evidence which may be considered in fixing the penalty has been frequently declared. In the majority opinion in the Troche case, *supra.* (206 Cal., at p. 47), it is stated in the following language: " . . . the only evidence admissible for the purpose of enabling the jury to determine whether the death penalty or life imprisonment should be imposed in the event the defendant should be found guilty of murder in the first degree was the evidence which the court did admit, and which concerned 'the circumstances connected with the offense'. (*People* v. *Golsh,* 63 Cal. App. 609, 613 et seq. [219 Pac. 456]; see, also, *People* v. *Witt,* 170 Cal. 104, 110 [148 Pac. 928].) The insanity of a defendant cannot be used for

the purpose of reducing his crime from murder in the first degree to murder in the second degree. If responsible at all in this respect, he is responsible in the same degree as a sane man, and if he is not responsible at all he is entitled to an acquittal in both degrees. (*State* v. *Maioni,* 78 N. J. L. 339 [20 Ann. Cas. 204, 74 Atl. 526, 528].)'' See, also, review of authorities in *People* v. *Pantages,* 212 Cal. 237, 271 et seq. [297 Pac. 890]; *People* v. *French,* 12 Cal. (2d) 720, 737 [87 Pac. (2d) 1014]; *People* v. *Lazarus,* 207 Cal. 507 [279 Pac. 145]; *People* v. *Leong Fook, supra; People* v. *Witt,* 170 Cal. 104 [148 Pac. 928]; *People* v. *Selph,* 106 Cal. App. 704 [289 Pac. 918]; *People* v. *Phillips,* 102 Cal. App. 705, 708 [283 Pac. 821]; *People* v. *Golsh,* 63 Cal. App. 609 [219 Pac. 456].

Appellant urges that a distinction exists between the duty of a court or jury in determining the degree of a murder, and its exercise of discretion in fixing the punishment for first degree murder at either death or life imprisonment, in this: That in determining degree the course is charted by well-defined rules, a violation of which may be remedied on appeal, whereas in fixing the penalty the act is purely one of discretion (Pen. Code, sec. 190), and the conclusion reached is not subject to review. Under this distinction it is only reasonable to suppose, argues appellant, that a court or jury in exercising its entirely arbitrary discretion, will be guided by something more than formal rules of law; it will be governed by its concept of the cause, formed and influenced by whatever evidence has been heard. Thus if in some instances evidence of insanity is heard before the exercise of discretion, and in others it is not, there is an unreasonable and unjust discrimination against the defendants in the latter class. In other words, where the insanity issue is heard before the penalty is fixed, the court, consciously or unconsciously, is bound to be influenced and persuaded to some extent by matters divulged on the insanity trial, and its exercise of discretion is bound to be affected accordingly.

We cannot concur in this view. While it is true that under section 190 of the Penal Code the matter of determining the penalty is discretionary, it is not reasonable to suppose that in those cases where the determination is to be made by the court after trial of the insanity issue, the court will predicate its decision upon factors not properly before it for such purpose. The trial, although conducted with dual

aspects, constitutes but a single trial (*People* v. *Leong Fook, supra,* p. 74 of 206 Cal.), and irrespective of the variable order of proof occasioned by the separate hearing of issues, evidence as in any other single trial may be admitted and considered for one purpose and not for another. The trial court, knowing the limitation upon the evidence which it is entitled to consider in fixing the penalty, will not be presumed to have committed an abuse by failing to observe this limitation, but will be presumed to have wisely exercised the discretion conferred upon it.

The prior decisions above cited are determinative of all other points raised on this appeal. Under those holdings no successful assault can be maintained upon the constitutionality of the statutes in question.

The judgment is affirmed.

Curtis, J., Edmonds, J., and York, J., *pro tem.,* concurred.